UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHYANN FINE BRATCHER,<br><br>   Plaintiff,<br><br> v.<br><br>JUSINO,<br><br>   Defendant. | Case No. 23-cv-02929-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

## INTRODUCTION

Petitioner, a federal prisoner at the Federal Correctional Institute ("FCI") in Dublin, California, proceeding without representation by an attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the conditions of her confinement. Respondent filed a motion to dismiss, and in response Petitioner filed a letter requesting the motion be granted. (ECF Nos. 7, 8.) For the reasons discussed below, motion to dismiss is granted, and the case is dismissed without prejudice.

## BACKGROUND

Petitioner was convicted in the United States District Court for the Northern District of Texas in 1995 and sentenced to a term of life in prison. (ECF No. 1 at 1.) She was housed at FCI Dublin from 1995-1996, at FCI Tallahassee from 1996-98, at FCI Carswell from 1998-2015, and again at FCI Dublin since 2016. (ECF No. 2 at 1-2.) She claims there is "sexual misconduct" by prison officials "throughout the Federal Bureau of Prisons," ("BOP") and she alleges officials have sexually assaulted and harassed her and other inmates at FCI Dublin and other federal prisons. (ECF No. 1 at 6; ECF No. 2 at 1-2.) She further alleges prison officials have "retaliate[d]" and "intimidate[d]" her due to her cooperation with law enforcement officials and prosecutors regarding sexual misconduct by BOP officials. (ECF No. 2 at 2.) Plaintiff also claims

there is a "toxic environment [of] mold and asbestos" that exacerbate her respiratory and other medical problems. (ECF No. 1 at 6; *see also* ECF No. 2 at 3.) Petitioner requests release from custody to a "halfway house" or "home confinement." (ECF No. 1 at 7.)

**DISCUSSION**

Respondent argues Petitioner may not bring her claims in a petition for writ of habeas corpus because she is challenging the conditions of her confinement, not her conviction or sentence. (ECF No. 7 at 4-6.) Petitioner asks the Court to grant the motion to dismiss because she "made [a] mistake and used the inappropriate vehicle to support her claims." (ECF No. 8 at 1.)

Federal law "opens two main avenues to relief on complaints related to imprisonment:" a petition for habeas corpus and a civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas petitions are "the exclusive vehicle" for claims challenging "the fact or duration of the conviction or sentence." *Nettles v. Grounds*, 830 F.3d 922, 927, 934 (9th Cir. 2016). By contrast, a civil rights action is the "proper remedy" for a claimant asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). If success on petitioner's claim would not "necessarily lead to immediate or speedier release," the claim may not be brought in a habeas petition. *Nettles*, 830 F.3d at 935.

In *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), the Ninth Circuit addressed the circumstances in which a prisoner can challenge the conditions of confinement in a habeas petition and seek release from custody based upon those conditions. *Id*. at 1062, 1065-66. The court sated "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested . . . [o]r stated differently, a successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas." *Id*. at 1072-73 (emphasis in original). The court affirmed the dismissal for lack of jurisdiction of a habeas petition under 28 U.S.C. § 2241 claiming federal prison officials failed to implement adequate safety protocols in response to COVID-19. *Id*. at 1073-76. The court held the petition did not allege facts to support the contention that no set of conditions would cure the constitutional violations, necessitating a remedy of release, and as other remedies short of release

1  could remedy the allegedly unsafe conditions, the claims must be brought in a civil rights case. *Id.*
2  at 1075.
3      Here, as in *Pinson*, the court lacks jurisdiction to consider Petitioner's claims regarding
4  sexual misconduct by prison officials and the exacerbation of her medical issues by toxic
5  conditions. She does not allege facts, when liberally construed, showing that no relief short of
6  release is adequate to the cure these alleged constitutional violations. Accordingly, under *Pinson*,
7  a habeas petition is not the appropriate remedy for her claims, and she must instead bring them in
8  civil rights action. Petitioner's concession on this issue and request to grant the motion to dismiss
9  supports drawing this conclusion.[1]
10      Petitioner states she is "at a loss of where to turn." (ECF No. 8.) Plaintiff appears to be a
11  member of the Plaintiffs' class in the pending class action against FCI Dublin officials for sexual
12  misconduct. *See California Coalition for Women Prisoners, et al., v. United States Federal*
13  *Bureau of Prisons, et al.,* No. C 23-4155-YGR (PR) (ECF No. 142 at ¶ 246 (identifying class
14  members "all persons incarcerated at FCI Dublin currently and in the future"); *see*, *e.g.*, *id.* at ¶¶
15  253-267 (claiming constitutional violations based upon sexual misconduct)). Plaintiff may contact
16  class counsel about her sexual misconduct claims.[2] To the extent she has claims not covered by
17  that class action (such as her claims that her medical condition was worsened by toxic mold and
18  asbestos), she may pursue such claims in a civil rights complaint in a new case. *See*, *e.g.*, *Bivens*
19  *v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971) (finding a private right of
20  action for damages implied from the Constitution for constitutional violations by federal
21  employees or their agents); *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (allowing *Bivens* claims
22  for prisoner's inadequate medical care).[3] Accordingly, the dismissal of this petition will be
23  without prejudice to Petitioner bringing her claims in a civil rights complaint.[4]

---

[1] In light of this conclusion, the Court does not address Respondent's alternative argument in their motion to dismiss that Petitioner did not exhaust her claims under 28 U.S.C. § 1997e.
[2] Class counsel is Rosen Bien Galvan & Grunfeld LLP, 101 Mission Street, Sixth Floor, San Francisco, CA 94105, (415) 433-6830.
[3] This order only addresses the appropriate remedy for Petitioner's claims and does not reach a conclusion as to which claims, if any, are capable of judicial review and decision.
[4] Petitioner is advised that the filing fee for a civil action is $350 plus a $52 administrative fee (as opposed to the $5 filing fee for a habeas action), and even if she is granted leave to proceed in

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED, and this case is DISMISSED without prejudice.

The clerk shall enter judgment and close the file.

This order disposes of docket number 7.

**IT IS SO ORDERED.**

Dated: April 16, 2024

_____
JACQUELINE S. CORLEY
United States District Judge

---

forma pauperis ("IFP"), she will still have to pay the $350 filing fee, albeit in monthly installments.  *See* 28 U.S.C. §§ 1915(b)(1), 1914(a).

4